**[NOT FOR PUBLICATION—NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

———————————

No. 00-2360

U.S. SECURITIES AND EXCHANGE COMMISSION,

Plaintiff, Appellee,

v.

SANJAY SAXENA,

Defendant, Appellant.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

———————————

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

———————————

Sanjay Saxena on brief pro se.
David M. Becker, General Counsel, Jacob H. Stillman, Solicitor, Mark Pennington, Assistant General Counsel, Michael A. Conley, Attorney Fellow, on brief for appellee.

———————————

December 21, 2001

———————————

**Per Curiam**. Appellant Sanjay Saxena appeals from the district court's grant of summary judgment to the Securities and Exchange Commission ("SEC") in this civil law enforcement action. The essential facts are largely undisputed and the parties disagree only as to the conclusions that may be drawn from those facts. We have carefully reviewed the record and briefs on appeal and affirm the judgment below.

First, we agree with the district court's conclusion that Saxena's continued performance under a consulting agreement with Thorson, Zahler & Co. ("Thorson"), a registered investment adviser and brokerage firm, for some nine months after entry of an administrative order barring him from "association with any broker, dealer, municipal securities dealer, investment adviser or investment company," as well as his substantial involvement in the formation of two investment funds and Saxena Capital Management, Inc. ("SCM"), the company that served as general partner for the funds, was sufficient to establish a violation of the bar order.

Further, Saxena does not dispute that he provided free advertising for SCM and the investment funds on his website and also provided SCM free access to his investment

-2-

newsletter subscriber lists for use in promoting the funds. And, since the solicitation of interests in the funds was undisputedly widespread and publicly advertised, interests in the funds were not, as Saxena contends, private offerings exempt from registration under Rule 506 of Regulation D, 17 C.F.R. § 230.506. See 15 U.S.C. § 77d(2); 17 C.F.R. § 230.502(c). Accordingly, we think the undisputed facts demonstrate that Saxena violated the registration provisions of Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and (c), by participating in the offer or sale of unregistered securities in interstate commerce or through the mails.[1]

The undisputed facts also showed that Saxena participated in preparing the offering memoranda for the investment funds and, in connection therewith, supplied false and misleading information concerning the funds' management and investment strategies. This conduct is sufficient to establish that Saxena violated the antifraud provisions of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a), Section 10(b) of the Securities Exchange Act of 1934

---

[1]Interests in the investment funds constituted securities because the undisputed facts established that they were "investment contracts" as the Supreme Court defined that term in SEC v. W.J. Howey Co., 328 U.S. 293, 298-99 (1946).

-3-

("Exchange Act"), 15 U.S.C. 78j(b), Rule 10b-5 thereunder, and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and (2). Further, Saxena's failure to disclose either the fee arrangement under the Thorson consulting agreement or the SEC bar order in notices advising his newsletter subscribers of their opportunity to open brokerage accounts at Thorson, his failure to advise Thorson of the bar order, and his failure to terminate the consulting agreement immediately after its entry are also sufficient to establish violations of Section 206(4) of the Advisers Act, 15 U.S.C. § 80B-6(4) and Rule 206(4)-1(a)(5) thereunder.

We find no abuse of discretion in the district court's disgorgement order and award of a civil monetary penalty, see SEC v. Warde, 151 F.3d 42, 49 (2d Cir. 1998); SEC v. First City Financial Corp., 890 F.2d 1215, 1228 (D.C. Cir. 1989), and Saxena's remaining challenges to the district court's preclusion order and its denial of his motion to transfer venue are meritless.

Affirmed. See Loc. R. 27(c).